## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| **JAMES REEL**, | ) C.A. No.: _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| **JENNY WOOTEN,** *in Her Official Capacity as Interim Executive Director of the South Carolina State Election Commission*; **CONWAY BELANGIA,** *in His Official Capacity as Director of Voter Registration & Elections in Greenville County*; and **GREENVILLE COUNTY VOTER REGISTRATION & ELECTION BOARD**, | ) |
| | ) |
| Defendants. | ) |

### INTRODUCTION

1. Jenny Wooten, as the Interim Executive Director of the South Carolina State Election Commission, Conway Belangia, as Director of Greenville County Voter Registration and Elections, and the Greenville County Voter Registration and Election Board itself, exclude South Carolina citizens from being eligible to become election poll workers if they are unable to swear a religious oath. The Interim Executive Director Wooten's official policy, as administered through training conducted by county election offices and boards of elections, is to deny poll worker positions to candidates who are unable, due to their sincerely held convictions, to swear "so help me God." This policy violates the rights of the Plaintiff and others under Article VI and the First and Fourteenth Amendments to the United States Constitution.

2. States, including South Carolina, routinely allow attorneys, jurors, witnesses, and many others who must take an oath to make a secular affirmation instead when they are unable to swear "so help me God" as a matter of conscience.

3. Ms. Wooten, as the Interim Executive Director of the South Carolina State Election Commission, is violating basic First Amendment freedoms by unconstitutionally compelling South Carolina citizens who want to serve as poll workers to swear "so help me God" in violation of their conscience—or else forgo their right as citizens to work at the polls.

4. Plaintiff seeks to ensure that Executive Director Wooten, Director Belangia, and the Greenville County Voter Registration and Election Board provide a secular oath alternative that allows citizens who are unable to swear "so help me God" to serve as poll workers.

## JURISDICTION & VENUE

5. This action arises under Article VI and the First and Fourteenth Amendments to the Constitution of the United States, as well as 42 U.S.C. § 1983.

6. This Court has jurisdiction under Article III of the United States Constitution, as enabled through 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

7. The Court is authorized to award declaratory relief under 28 U.S.C. §§ 2201 and 2202.

8. The Court further has the authority to award injunctive relief under 28 U.S.C. § 1343.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division, and the offices of Greenville County Voter Registration and Election Board are located in Greenville County.

## PARTIES

10. Plaintiff James Reel is a citizen of South Carolina and a resident of Greenville County. Plaintiff seeks to become a poll worker for future elections in South Carolina.

11. Defendant Jenny Wooten is the Interim Executive Director of the South Carolina State Election Commission ("**the State Election Commission**") and is sued in her official capacity. The Executive Director is the chief administrative officer for the State Election Commission. *See* S.C. Code § 7-3-20(A). The State Election Commission must approve all poll worker training programs in South Carolina. *See* S.C. Code § 7-13-72.

12. Defendant Greenville County Voter Registration and Election Board ("**the Board**") administers elections in Greenville County, South Carolina. The Board is responsible for administering the required poll worker training to prospective poll workers in Greenville County and ensuring those who complete the training also certify the oath ending "so help me God." *See* S.C. Code § 7-13-72.

13. Defendant Conway Belangia is, on information and belief, a citizen of the State of South Carolina and a resident of Greenville County. Defendant Belangia is sued in his official capacity as the Director of Voter Registration and Elections in Greenville County.

## FACTS

### *Defendants Require a Religious Oath with No Secular Alternative*

14. After the 2020 election, during which Plaintiff observed negative political rhetoric aimed at undermining public trust in the electoral process in general, and in poll workers specifically, Plaintiff sought to become a poll worker himself.

15. It is Plaintiff's belief that the American form of government, including the electoral process, is worth defending and supporting through his personal participation. Plaintiff is passionate about becoming a poll worker.

16. Plaintiff attempted to complete the training required to become a poll worker in Greenville, South Carolina before the November 2024 election.

17. In late December 2023, Plaintiff sought to become a poll worker in South Carolina but was unable to do so because of the policies of Interim Executive Director Wooten and the Board. Due to his sincerely held convictions, Plaintiff is unwilling to take the religious oath prescribed by statute which ends "so help me God."

18. Between December 29, 2023, and December 31, 2023, Mr. Reel completed three online poll worker training courses for which he received completion certificates.

19. After completing the online training, but prior to the completion of in-person training, Mr. Reel became aware of the religious oath requirement for poll workers in South Carolina.

20. Applicants for poll worker positions must complete poll worker training, after which candidates are required to certify the oath prescribed by statute.

21. Pursuant to S.C. Code § 7-13-72, the required oath states "I do solemnly swear (or affirm) that I am duly qualified according to the Constitution of this State, to exercise the duties of the office to which I have been appointed, and that I will, to the best of my ability, discharge the duties thereof, and preserve, protect and defend the Constitution of this State and of the United States. So help me God."

22. Mr. Reel is an atheist. He sincerely believes, as a matter of conscience, that he cannot swear "so help me God."

23. After learning of the religious oath requirement in January 2024, Plaintiff contacted the Board by phone and spoke with a representative of the county elections office. He explained that he could not complete the religious oath requirement as written, due to his sincerely held convictions as an atheist, and requested that he be allowed to strike out "so help me God" from the oath in order to complete the candidate petition.

24. The Board's representative responded that the oath is dictated by statute and that a version of the oath without "so help me God" would not be accepted.

25. After learning that a secular affirmation was not available, Plaintiff ceased participation in the poll worker training program because he knew he would not be able to take a religious oath.

26. S.C. Code § 7-13-72 suggests parenthetically that an affirmation is allowed in place of an oath. While an oath is a declaration or pledge to a god, an affirmation is a solemn vow without reference to a religious deity. *See, e.g.*, "Affirmation," Black's Law Dictionary (12th ed. 2024). Nevertheless, it is the official position of Interim Executive Director Wooten and the Board that citizens are ineligible to serve as poll workers without swearing an oath that concludes "so help me God."

27. Interim Executive Director Wooten, Director Belangia, and the Board continue to administer poll worker training that requires citizens to swear "so help me God" in order to serve as poll workers.

28. Interim Executive Director Wooten, Director Belangia, and the Board continue to mandate that poll worker candidates certify the oath as written in S.C. Code § 7-13-72, without the option of an affirmation in lieu of a religious oath. Therefore, future poll worker applicants,

including Plaintiff, will be required to certify a religious oath that ends "so help me God" in order to be deemed eligible to serve as poll workers.

29. Despite being thwarted by the religious oath requirement, Plaintiff wants to become a poll worker in South Carolina, and he intends to serve as a poll worker if he can complete the requirements without violating his conscience.

30. The Freedom From Religion Foundation ("FFRF") sent a letter regarding the religious oath policy to the former director of the State Election Commission on November 22, 2024. **Exhibit A** is a true and correct copy of the letter FFRF sent to former director Howard Knapp.

31. FFRF is a national nonprofit organization representing 42,000 freethinkers (atheists, agnostics, and other dissenters from religion), including more than 300 current members in South Carolina, that works to protect the separation between state and church, and to educate the public on matters relating to nontheism.

32. The FFRF letter informed then-director Knapp that the policy and practice of requiring a religious oath violated the First Amendment. The FFRF letter said in part:

> Article 6 of the United States Constitution prohibits the government from requiring any kind of religious test for public office, including to volunteer as a poll worker. In the bedrock case examining a requirement for an oath for public office, the U.S. Supreme Court held that "neither a State nor the Federal Government can constitutionally force a person "to profess a belief or disbelief in any religion." *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In that case, Torcaso refused to take an oath declaring the existence of a god as required by law and his appointment as notary public was revoked. *Id.* The U.S. Supreme Court held that this requirement was a violation of both the First and Fourteenth Amendments of the Constitution. *Id.*
>
> South Carolina's Supreme Court echoed this principle in *Silverman v. Campbell*, where an applicant to become a notary public was denied after he crossed out "So help me God" on the oath printed on his application form. *Silverman v. Campbell*, 326 S.C. 208, 210 (S.C. 1997). The court held the South Carolina Constitution's requirement that candidates acknowledge a "Supreme Being" to be eligible for public office violated both the First Amendment and the Religious Test Clause of

the United States Constitution. *Id.* at 212. Likewise, our complainant does not want to profess a belief in a god in which they do not believe, which would make a mockery out of the oath and the solemn promise to support both the federal and state constitutions.

33. The FFRF letter further urged the then-director Knapp to provide a secular alternative to the oath if requested, as contemplated by S.C. Code § 7-13-72.

34. On January 10, 2025, Defendant Wooten's predecessor-in-office responded to FFRF's letter, writing in relevant part: "Currently SEC policies and procedures make no particular reference to the contents of this oath other than that the County Boards must require it to be signed before trained candidates are appointed poll workers. This policy complies with what is required by Section 7-13-72." **Exhibit B** is a true and correct copy of then-director Knapp's full written response.

35. On February 18, 2025, FFRF sent an additional letter to the Board containing the same information presented in the letter to the State Election Commission and once again urging that the poll worker training be modified to allow a secular affirmation. **Exhibit C** is a true and correct copy of the FFRF letter to the Board.

36. On March 18, 2025, FFRF received a response from the Board, which wrote in relevant part: "We are subject to laws of SC and standard procedures determined by our State Election Commission through the Poll Manager Handbook issued to all poll workers." **Exhibit D** is a true and correct copy of the Board's full written response.

37. Following complaints from Plaintiff and FFRF, Interim Executive Director Wooten and the Board have failed to permit an affirmation option that does not contain the "so help me God" language.

38. Interim Executive Director Wooten and the Board have willfully defended and maintained a policy that excludes nontheist citizens, including Plaintiff, from volunteering as poll workers.

39. Interim Executive Director Wooten has failed to provide any guidance or training to the Board informing the Board of how nonreligious citizens and others who are unable to swear "so help me God" may adequately complete poll worker training.

40. Interim Executive Director Wooten and the Board are coercing a statement of belief in a monotheistic deity by requiring nontheists or those worshiping more than one deity to swear "so help me God" in order to serve as poll workers.

41. Interim Executive Director Wooten and the Board have no valid reason to require all citizens who wish to serve as poll workers to take an oath that requires them to swear "so help me God."

### *Duties of the State Election Commission & the Board*

42. The Executive Director of the State Election Commission shall supervise the conduct of the county boards of voter registration and elections and ensure those boards' compliance with the requirements of applicable state or federal law, as well as State Election Commission policies and procedures. S.C. Code § 7-3-20(D)(2).

43. The State Election Commission must approve all poll worker training programs, after which the oath must be certified, in the state of South Carolina. S.C. Code § 7-13-72.

44. The Board is charged with administering the approved poll worker training program and certifying the oath to Greenville County residents who wish to be poll workers. *Id.*

### **CLAIMS**

45. By refusing to provide a way for candidates to complete the required poll worker training without swearing "so help me God," Interim Executive Director Wooten, Director Belangia, and the Board are violating the rights of individuals, such as Plaintiff, who cannot swear "so help me God" without violating their sincerely held convictions.

46. The United States Supreme Court has held as a settled First Amendment principle that "neither a State nor the Federal Government can constitutionally force a person 'to profess a belief or disbelief in any religion.'" *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In addition, the Court wrote, "[n]either [a state nor the Federal Government] can constitutionally pass laws or impose requirements which aid all religions as against non-believers, and neither can aid those religions based on a belief in the existence of God as against those religions founded on different beliefs." *Id.*

47. The Supreme Court has also recognized that, "[i]f there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). The Court has reiterated that "the First Amendment does not tolerate" the state forcing someone to "'utter what is not in [her] mind' about a question of political and religious significance." *303 Creative LLC v. Elenis,* 143 S. Ct. 2298, 2318 (2023), *citing Barnette,* 319 U.S. at 634.

48. Further, the policy, custom, and practice of Interim Executive Director Wooten and the Board requiring citizens who wish to serve as poll workers to swear "so help me God," without an alternative option, bars a growing portion of the population from volunteering to serve their community as poll workers without being forced to violate their conscience and swear an oath to a god that they do not believe in. Nearly thirty percent of the American population is

nonreligious. Gregory A. Smith, *Religious 'Nones' in America: Who They Are and What They Believe*, Pew Research Center, Jan. 24, 2024, https://www.pewresearch.org/religion/2024/01/24/religious-nones-in-america-who-they-are-and-what-they-believe/.

### FOR A FIRST CAUSE OF ACTION

**(Declaratory Relief—Violation of the Free Speech Clause of the First Amendment)**

49. The preceding factual allegations above are incorporated as if fully set forth herein.

50. The Free Speech Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. This provision applies fully to state governments, including South Carolina, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. XIV, § 1.

51. The Free Speech Clause prohibits the government from conditioning eligibility for a public service position on the basis of a person's agreement with a particular religious statement. *Connick v. Myers*, 461 U.S. 138, 142 (1983) (acknowledging limits on the government's ability to compel speech).

52. The policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board requiring citizens to swear "so help me God" in order to serve as a poll worker, without an alternative nonreligious option, violates the Free Speech Clause because it (a) prohibits atheists, including Plaintiff, from being appointed as a poll worker on the basis of their inability to express a particular religious viewpoint, and/or (b) compels atheists, including Plaintiff, to engage in a particular religious expression against their personal convictions.

## FOR A SECOND CAUSE OF ACTION
**(Declaratory Relief—Violation of the Establishment Clause of the First Amendment)**

53. The preceding factual allegations above are incorporated as if fully set forth herein.

54. The Establishment Clause of the First Amendment to the United States Constitution prohibits laws "respecting an establishment of religion." U.S. Const. amend. I. This provision applies fully to state governments, including South Carolina, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. XIV, § 1.

55. The policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board requiring citizens who want to become poll workers to swear "so help me God," without an alternative option, violates the Establishment Clause for a number of reasons, including those stated below.

56. The policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board has the purpose and effect of favoring and coercively supporting theistic beliefs and individuals, while disfavoring, disadvantaging, and discriminating against nontheistic convictions and individuals, including the Plaintiff.

57. In addition, the policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board requiring citizens to swear "so help me God" in order to serve as a poll worker violates the Establishment Clause because it coerces a statement of belief in a monotheistic god.

## FOR A THIRD CAUSE OF ACTION
**(Declaratory Relief—Violation of the Free Exercise Clause of the First Amendment)**

58. The preceding factual allegations above are incorporated as if fully set forth herein.

59. The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S.

Const. amend. I. This provision applies fully to state governments, including South Carolina, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. XIV, § 1.

60. The Free Exercise Clause prohibits the government from conditioning service as a poll worker on the basis of adopting or professing a religious belief.

61. The policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board requiring citizens who wish to become a poll worker to certify a religious oath violates the Free Exercise Clause by requiring nontheists, including Plaintiff, to adopt or profess religious beliefs to which they do not subscribe as a condition for serving as a poll worker.

### FOR A FOURTH CAUSE OF ACTION
**(Declaratory Relief—Violation of Article VI of the Constitution)**

62. The preceding factual allegations above are incorporated as if fully set forth herein.

63. Article VI of the United States Constitution provides that "no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." U.S. Const. art. VI. This provision applies fully to state governments, including South Carolina, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. amend. XIV, § 1.

64. The position of poll worker qualifies as an "Office or public Trust" under Article VI.

65. Requiring a citizen to swear an oath to "God" qualifies as a "religious Test" under Article VI.

66. The policy, custom, and practice of Interim Executive Director Wooten, Director Belangia, and the Board requiring applicants for the position of poll worker to swear an oath ending

"so help me God," without an alternative nonreligious option, violates Plaintiff's constitutional rights as established in Article VI.

### REQUEST FOR RELIEF

67.	The preceding factual allegations above are incorporated as if fully set forth herein.

68.	By violating Article VI of the United States Constitution, as well as the Free Exercise Clause, Establishment Clause, and Free Speech Clause as described above, Interim Executive Director Wooten, Director Belangia, and the Board have harmed Plaintiff, are continuing to harm him, and threaten future harm against him.

69.	By violating Article VI of the United States Constitution, as well as the Free Exercise Clause, Establishment Clause, and Free Speech Clause as described above, Interim Executive Director Wooten, Director Belangia, and the Board have, acting under color of statutes, regulations, policies, custom, or usage, deprived or threatened to deprive Plaintiff of rights secured by the First and Fourteenth Amendments to the United States Constitution, entitling him to a remedy under 42 U.S.C. § 1983.

70.	In addition, or in the alternative, by virtue of the violations of Article VI of the United States Constitution, as well as the Free Exercise Clause, Establishment Clause, and Free Speech Clause as described above, Plaintiff is entitled to a remedy directly under the United States Constitution.

71.	Plaintiff has no adequate remedy at law and accordingly requests the following relief:

a)	A declaration that Interim Executive Director Wooten, Director Belangia, and the Greenville County Voter Registration and Election Board are violating the United States

Constitution by requiring all candidates for poll worker positions to swear a religious oath ending with "so help me God" without the option of an alternative secular affirmation;

    b)    A permanent injunction (a) prohibiting Interim Executive Director Wooten, Director Belangia, and the Greenville County Voter Registration and Election Board from requiring candidates for poll worker positions to swear "so help me God" with no alternative secular affirmation, and (b) ordering Interim Executive Director Wooten, Director Belangia, and the Greenville County Voter Registration and Election Board to provide a secular affirmation that permits the Plaintiff to serve as a poll worker without swearing "so help me God;"

    c)    Entry of judgment in favor of Plaintiff against the Greenville County Voter Registration and Election Board for nominal damages in the amount of $1;

    d)    An order awarding Plaintiff the costs of this action, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988; and,

    e)    Any other relief that the Court deems just and proper.

Respectfully submitted,

*s/ Steven Edward Buckingham*

_____
Steven Edward Buckingham, Esq. (D.S.C. No. 10118)
The Law Office of Steven Edward Buckingham, LLC
114 Poinsett Highway / Suite D
Greenville, SC 29609
(o) 864.735.0832
(e) seb@buckingham.legal

_____October 8_____, 2025
Greenville, South Carolina

Samuel T. Grover*
Kyle J. Steinberg*
Freedom From Religion Foundation, Inc.
10 N. Henry St.
Madison, WI 53703
608-256-8900
sam@ffrf.org
steinbergk@ffrf.org
* Pro Hac Vice Application Forthcoming

*Attorneys for Plaintiff*