\#

**SOUTH CAROLINA** ELECTION COMMISSION

January 10, 2025

Freedom From Religion Foundation
Attn: Madeline Ziegler
P.O. Box 5987
Madison, WI 53701

RE:     Letter Dated November 22, 2024; Oath Requirement

Dear Ms. Ziegler:

The State Election Commission (SEC) received your letter of November 22, 2024, regarding the oath that is required of candidates to be poll managers in South Carolina polling places. You wrote on behalf of a complainant[1] who took exception to the requirement to sign an oath that contained the phrase "So help me God". In its conclusion your letter states:

> A secular affirmation must be offered as an option when an oath is required for a public office. By not offering this option, the South Carolina Election Commission is violating the U.S. Constitution. Please respond in writing with the actions you are taking to remedy this violation so that we may inform our complainant.

Pursuant to S.C. Code § 7-13-72, to be appointed as a poll manager by one of South Carolina's forty-six county boards of voter registration and elections (County Boards), a candidate must first undergo a training course to be conducted by the County Boards. The content of this course must be approved by the SEC. Section 7-13-72 includes the requirement that poll managers take an oath, and sets forth the text of the oath required:

> I do solemnly swear (or affirm) that I am duly qualified, according to the Constitution of this State, to exercise the duties of the office to which I have been appointed, and that I will, to the best of my ability, discharge the duties thereof, and preserve, protect and defend the Constitution of this State and of the United States. So help me God.[2]

Currently SEC policies and procedures make no particular reference to the contents of this oath other than that the County Boards must require it to be signed before trained candidates are appointed poll workers. This policy complies with what is required by Section 7-13-72.

In your letter you point out the 1997 Supreme Court of South Carolina case *Silverman v. Campbell*, which ruled that both South Carolina Constitution art. VI, § 2 and art. XVII, § 4 violate the First Amendment and the Religious Test Clause of the United States Constitution. While we must acknowledge the ruling in this case, we must also recognize that Sec. 7-13-72

COMMISSIONERS

HON. DENNIS W. SHEDD
Chairman

JOANNE DAY

CLIFFORD J. EDLER

LINDA MCCALL

SCOTT MOSELEY

HOWARD M. KNAPP
Executive Director

1122 Lady Street
Suite 500
Columbia, SC 29201

P.O. Box 5987
Columbia, SC 29250

803.734.9060
Fax: 803.734.9366
www.scvotes.gov

---

[1] It is not clear from your letter if the complainant was in training to be a poll manager or was simply making an observation.

[2] The oath itself is that stated in the South Carolina Constitution at art. III, §26.

**scVOTES.gov**
To be eligible to register, you must be:
A U.S. Citizen | S.C. Resident | 18 years or older

#

contains the phrase "So help me God".[3] Under Title 7 of the South Carolina Code of Laws, the South Carolina General Assembly has granted the SEC authority to set policy relating to the conduct of elections that must be followed by the County Boards. However, this grant of authority does not extend to a power to create election related policies or procedures that contradict explicit statutory requirements, and then instruct the County Boards to ignore what is clearly stated in the code. Further, note that the SEC has limited oversight authority over the County Boards, which are independent county government offices. Despite its clear authority to set election-related policy, the SEC could not expect as a matter of course that County Boards would follow instructions that could require them to act contrary to state statutory requirements.

Please let us know if you have any further questions about this matter.

Sincerely,

Howard M. Knapp
Executive Director

---

[3] Note that S.C. Code § 7-13-72 was amended as recently as 2019 without changing the language of the oath.