# FREEDOM FROM RELIGION *foundation*

P.O. BOX 750 · MADISON, WI 53701 · (608) 256-8900 · WWW.FFRF.ORG

February 18, 2025

**SENT VIA U.S. MAIL & EMAIL: Bob4369r@gmail.com**

Bob Schaffner
Chairman
Greenville County Election Commission
212 Forrester Creek Way
Greenville, SC 29607

Re:   Unconstitutional oath requirement

Dear Chairman Schaffner:

I am writing on behalf of the Freedom From Religion Foundation (FFRF) regarding concerns over the Greenville County Election Commission requiring citizens to swear an oath containing religious language in order to serve as poll managers. FFRF is a national nonprofit organization with more than 41,000 members, including members in South Carolina. Our purposes are to protect the constitutional principle of separation between state and church, and to educate the public on matters relating to nontheism.

A concerned South Carolina resident has reported that all individuals who want to serve as poll workers must swear an oath referencing belief in God in order to qualify to serve. Our complainant reports that as part of the training to become a poll worker in South Carolina, they were required to state and sign an oath that ends, "so help me God." Our complainant was informed that there is no way for trainees to affirm the statement without the inclusion of "so help me God." The text of the oath reads:

> I do solemnly swear (or affirm) that I am duly qualified, according to the Constitution of this State, to exercise the duties of the office to which I have been appointed, and that I will, to the best of my ability, discharge the duties thereof, and preserve, protect, and defend the Constitution of this State and of the United States. So help me God.[1]

We write to request that our complainant be allowed to substitute a secular oath or affirmation to complete the training, and the training requirement be changed immediately to allow all applicants to provide a secular affirmation rather than swearing an oath to God in order to serve as a poll worker. An oath is a promise to a deity while an affirmation is a pledge on one's personal honor without reference to any deity. The distinction is critical because the opportunity to substitute an affirmation is required by federal law.

---

[1] http://bit.ly/3AH36Ep.

Dan Barker and Annie Laurie Gaylor, *Co-Presidents*

Article 6 of the United States Constitution prohibits the government from requiring any kind of religious test for public office, including to volunteer as a poll worker. In the bedrock case examining a requirement for an oath for public office, the U.S. Supreme Court held that "neither a State nor the Federal Government can constitutionally force a person to profess a belief or disbelief in any religion." *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In that case, Torcaso refused to take an oath declaring the existence of a god as required by law and his appointment as notary public was revoked. *Id*. The U.S. Supreme Court held that this requirement was a violation of both the First and Fourteenth Amendments of the United States Constitution. *Id*.

South Carolina's Supreme Court echoed this principle in *Silverman v. Campbell*, where an applicant to become a notary public was denied after he crossed out "So help me God" on the oath printed on his application form. *Silverman v. Campbell*, 326 S.C. 208, 210 (S.C. 1997). The court held the South Carolina Constitution's requirement that candidates acknowledge a "Supreme Being" to be eligible for public office violated both the First Amendment and the Religious Test Clause of the United States Constitution. *Id.* at 212. Likewise, our complainant does not want to profess a belief in a god in which they do not believe, which would make a mockery out of the oath and the solemn promise to support both the federal and state constitutions.

In 2020, we successfully brought suit in federal court against the state of Alabama for requiring voters to sign a statement on their voter registration form that ended with "so help me God" with no secular alternative offered. In 2023, we successfully sued the state of New Jersey in federal court for requiring candidates for public office to swear an oath ending in "so help me God" in order to run for office. In both cases the government officials responded to initial communications by simply stating there was no secular alternative. However, both of the government entities involved in these cases quickly settled after we brought suit because the law is clear: individuals cannot be forced to profess a belief in any god or religion in order to exercise a basic right. Greenville County cannot constitutionally require a citizen who wants to fulfill a civic duty to swear to a god to fulfill that duty.

A secular affirmation must be offered as an option when an oath is required for a public office. By not offering this option, the Greenville County Election Commission is violating the U.S. Constitution. Please inform us in writing within 30 days whether our complainant may take a secular affirmation to serve as a poll worker.

Sincerely,

*Madeline Ziegler*

Madeline Ziegler
*Staff Attorney*
*Freedom From Religion Foundation*

MEZ:kjs