IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JAMES REEL,<br><br>    Plaintiff,<br><br>v.<br><br>JENNY WOOTEN, in Her Official Capacity as Interim Executive Director of the South Carolina State Election Commission; CONWAY BELANGIA, in His Official Capacity as Director of Voter Registration & Elections in Greenville County; and GREENVILLE COUNTY VOTER REGISTRATION & ELECTION BOARD,<br><br>    Defendants. | C.A. No.: 6:25-cv-12878-JDA<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT OF DEFENDANTS CONWAY BELANGIA AND THE GREENVILLE COUNTY BOARD OF VOTER REGISTRATION AND ELECTIONS** |

Defendants Conway Belangia, in his Official Capacity as Director of Voter Registration and Elections in Greenville County, and the Greenville County Board of Voter Registration and Elections ("County Board") (collectively, "these defendants") answering plaintiff's complaint, would respectfully allege and show to the Court as follows:

**FOR A FIRST DEFENSE**
**GENERAL DENIAL**

These defendants deny each and every allegation of the complaint not herein admitted, qualified, or explained.

1. With respect to the allegations of Paragraph 1, these defendants admit, upon information and belief, that Jenny Wooten is the Interim Executive Director of the South Carolina State Election Commission. These defendants further admit that the South Carolina State Election

Commission provides training to county election offices and boards of elections. These defendants deny the remaining allegations of Paragraph 1.

2. These defendants lack information or belief as to the allegations of Paragraphs 2-4, and therefore deny those allegations.

3. These defendants deny the allegations of Paragraphs 5-9.

4. Upon information and belief, these defendants admit the allegations of Paragraph 10.

5. With respect to the allegations of Paragraph 11, these defendants admit, upon information and belief, that Wooten is the Interim Executive Director of the South Carolina State Election Commission. These defendants further admit that the Executive Director is the chief administrative officer for the South Carolina State Election Commission and that the South Carolina State Election Commission must approve all poll worker training programs in South Carolina. These defendants deny any additional or different allegations of Paragraph 11.

6. With respect to the allegations of Paragraph 12, the County Board is properly named the Greenville County Board of Voter Registration and Elections. The Board's duties are as set forth in Title 7 of the South Carolina Code of Laws. These defendants deny any additional or different allegations of Paragraph 12.

7. These defendants admit the first sentence of Paragraph 13. They further admit that Belangia serves as Director of Voter Registration and Elections in Greenville County. These defendants deny any additional or different allegations of Paragraph 13.

8. These defendants lack information or belief as to the allegations of Paragraphs 14-19, and therefore deny those allegations.

9. These defendants admit the allegations of Paragraphs 20-21.

10. These defendants lack information or belief as to the allegations of Paragraphs 22-25, and therefore deny those allegations.

11. With respect to the allegations of Paragraphs 26-28, these defendants admit the existence of S.C. Code Ann. § 7-13-72. That code section speaks for itself. These defendants deny any additional or different allegations of Paragraphs 26-28.

12. These defendants lack information or belief as to the allegations of Paragraphs 29-34, and therefore deny those allegations.

13. With respect to the allegations of Paragraph 35, these Defendants admit they received the letter attached as Exhibit C. These defendants deny any additional or different allegations of Paragraph 35.

14. With respect to the allegations of Paragraph 36, these Defendants admit sending the letter attached as Exhibit D. These defendants deny any additional or different allegations of Paragraph 36.

15. These defendants deny the allegations of Paragraphs 37-41.

16. With respect to the allegations of Paragraph 42, these defendants admit the existence of S.C. Code Ann. § 7-3-20. That code section speaks for itself. These defendants deny any additional or different allegations of Paragraph 42.

17. With respect to the allegations of Paragraphs 43-44, these defendants admit the existence of S.C. Code Ann. § 7-13-72. That code section speaks for itself. These defendants deny any additional or different allegations of Paragraphs 43-44.

18. Paragraphs 45-47 state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 45-47 are denied. Any legal authority referenced in these paragraphs speaks for itself.

19. These defendants lack information or belief as to the allegations of Paragraph 48, and therefore deny those allegations.

20. Paragraph 49 does not contain any allegations and therefore does not require a response. To the extent that a response is required, these defendants incorporate their foregoing responses as if restated verbatim.

21. Paragraphs 50-52 state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 50-52 are denied. Any legal authority referenced in these paragraphs speaks for itself.

22. Paragraph 53 does not contain any allegations and therefore does not require a response. To the extent that a response is required, these defendants incorporate their foregoing responses as if restated verbatim.

23. Paragraphs 54-57 state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 54-57 are denied. Any legal authority referenced in these paragraphs speaks for itself.

24. Paragraph 58 does not contain any allegations and therefore does not require a response. To the extent that a response is required, these defendants incorporate their foregoing responses as if restated verbatim.

25. Paragraphs 59-61 state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 59-61 are denied. Any legal authority referenced in these paragraphs speaks for itself.

26. Paragraph 62 does not contain any allegations and therefore does not require a response. To the extent that a response is required, these defendants incorporate their foregoing responses as if restated verbatim.

27. Paragraphs 63-66 state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 63-66 are denied. Any legal authority referenced in these paragraphs speaks for itself.

28. Paragraph 67 does not contain any allegations and therefore does not require a response. To the extent that a response is required, these defendants incorporate their foregoing responses as if restated verbatim.

29. Paragraphs 68-71, including subparts (a)-(e) of Paragraph 71, state legal conclusions that do not require a response; however, to the extent a response is required, Paragraphs 68-71, including subparts (a)-(e) of Paragraph 71, are denied. Any legal authority referenced in these paragraphs speaks for itself. These defendants deny that plaintiff is entitled to any relief.

## AS ADDITIONAL AND AFFIRMATIVE DEFENSES

These defendants incorporate their responses to the above numbered paragraphs as if fully set forth herein.

1. The allegations of the complaint fail to state a claim upon which relief can be granted against these defendants and should be dismissed pursuant to Rule 12(b)(6), FRCP.

2. This action should be dismissed for failure to add an indispensable party pursuant to Rule 19, FRCP.

3. The Court lacks subject matter jurisdiction over the plaintiff's claims; therefore, the complaint should be dismissed pursuant to Rule 12(b)(1), FRCP.

4. These defendants acted consistent with and in reliance on S.C. Code Ann. § 7-13-72 and the guidance provided by the South Carolina Election Commission.

5. Plaintiff has failed to exhaust administrative remedies, and therefore the complaint should be dismissed.

6. These defendants assert all immunities under the 11th Amendment of the United States Constitution; therefore, the complaint should be dismissed.

7. These defendants are immune from suit under any theory. In the alternative, conditional immunity applies to bar plaintiff's action.

8. These defendants' actions were privileged or conditionally privileged.

9. These defendants deny that the matter asserted by plaintiff falls within the purview of 42 U.S.C. § 1983. These defendants deny that any Constitutional right of plaintiff has been violated.

10. These defendants are entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and therefore, the complaint should be dismissed.

11. Neither of these defendants is a "person" for purposes of liability under 42 U.S.C. § 1983, and therefore the complaint should be dismissed.

12. These defendants invoke all defenses under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994).

13. These defendants would show that in regard to the allegations of wrongdoing in their official capacity, such actions were taken in good faith, without intent to harm, and in compliance with existing South Carolina law and the South Carolina State Constitution, which good faith is a bar to one or more of the Plaintiff's causes of action. Therefore, the complaint should be dismissed.

14. These defendants reserve their right to raise any defense asserted by any other defendant in this matter.

15. The defendants hereby give notice that they intend to rely upon any additional affirmative defenses that become available or apparent during the course of investigation and/or discovery, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered the complaint, the defendant prays that the Court grant the following relief, as applicable:

(a) Plaintiff's case be dismissed on the merits;

(b) these defendants be awarded the costs of this action, including attorneys' fees; and,

(c) these defendants be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Sarah P. Spruill*
Sarah P. Spruill, Fed ID 8054
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main, 2nd Floor (29601)
P.O. Box 2048
Greenville, SC  29602
(864) 240-3200
(864) 240-3300 (facsimile)
sspruill@hsblawfirm.com

*Attorneys for Defendants Conway Belangia and the Greenville County Board of Voter Registration and Elections*

Dated:  November 25, 2025
Greenville, South Carolina