IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
Case Number: 6:25-cv-12878-JDA

| | |
|---|---|
| James Reel,<br><br>                      Plaintiff,<br><br>vs.<br><br>Jenny Wooten, in her official capacity as Interim Executive Director of the South Carolina State Election Commission, Conway Belangia, in his official capacity as Director of Voter Registration and Elections in Greenville, County, and Greenville County Voter Registration and Election Board,<br><br>                      Defendants. | **DEFENDANT JENNY WOOTEN'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

This Defendant, Jenny Wooten, in her official capacity as Interim Executive Director of the South Carolina State Election Commission, above-named, answering the Complaint of the Plaintiff herein, would respectfully show unto this Honorable Court that:

**FOR A FIRST DEFENSE**

1. As to the allegations contained in Paragraph One of the Plaintiff's Complaint, this Defendant specifically admits that she is the Interim Executive Director of the South Carolina State Election Commission; further, this Defendant admits that the South Carolina State Election Commission provides training to county election offices and boards of elections including training based on the requirements of South Carolina law; further, this Defendant admits that §7-13-72 of the South Carolina Code of Laws ann. requires the managers and clerks of poling places to

1

take an oath as follows "I do solemnly swear (or affirm) that I am duly qualified, according to the Constitution of this State, to exercise the duties of the office to which I have been appointed, and that I will, to the best of my ability, discharge the duties thereof, preserve, protect and defend the Constitution of this state and of the United States. So help me God"; however, this Defendant denies the remaining allegations contained in Paragraph One of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

2. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Two of the Plaintiff's Complaint therefore denies same.

3. This Defendant denies the allegations contained in Paragraph Three of the Plaintiff's Complaint.

4. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Four of the Plaintiff's Complaint therefore denies same.

5. This Defendant denies the allegations contained in Paragraph Five of the Plaintiff's Complaint.

6. In as much as the allegations contained in Paragraph Six of the Plaintiff's Complaint relate to jurisdiction, this Defendant neither admits nor denies same but demands strict proof thereof.

7. This Defendant denies the allegations contained in Paragraph Seven of the Plaintiff's Complaint.

8. This Defendant denies the allegations contained in Paragraph Eight of the

Plaintiff's Complaint.

9. In as much as the allegations contained in Paragraph Nine of the Plaintiff's Complaint relate to venue this Defendant neither admits nor denies same but demands strict proof thereof.

10. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Ten of the Plaintiff's Complaint therefore denies same.

11. As to the allegations contained in Paragraph Eleven of the Plaintiff's Complaint, this Defendant specifically admits that she is the Interim Executive Director of the South Carolina State Election Commission; further, this Defendant admits that the Executive Director is the chief administrative officer for the South Carolina State Election Commission and that the South Carolina State Election Commission must approve all pole worker training programs in South Carolina pursuant to South Carolina law; however, this Defendant denies the remaining allegations contained in Paragraph Eleven of the Plaintiff's Complaint which are in addition to or inconsistent with these admissions.

12. In as much as the allegations contained in Paragraph Twelve of the Plaintiff's Complaint relate to a Defendant other than this Defendant, this Defendant neither admits nor denies same but demands strict proof thereof.

13. In as much as the allegations contained in Paragraph Thirteen of the Plaintiff's Complaint relate to a Defendant other than this Defendant, this Defendant neither admits nor denies same but demands strict proof thereof.

14. This Defendant lacks sufficient knowledge and information to form a belief as to

the allegations contained in Paragraph Fourteen of the Plaintiff's Complaint therefore denies same.

15. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Fifteen of the Plaintiff's Complaint therefore denies same.

16. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Sixteen of the Plaintiff's Complaint therefore denies same.

17. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Seventeen of the Plaintiff's Complaint therefore denies same.

18. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Eighteen of the Plaintiff's Complaint therefore denies same.

19. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Nineteen of the Plaintiff's Complaint therefore denies same.

20. This Defendant admits the allegations contained in Paragraph Twenty of the Plaintiff's Complaint.

21. This Defendant admits the allegations contained n Paragraph Twenty-One of the Plaintiff's Complaint.

22. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Two of the Plaintiff's Complaint

therefore denies same.

23. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Three of the Plaintiff's Complaint therefore denies same.

24. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Four of the Plaintiff's Complaint therefore denies same.

25. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Five of the Plaintiff's Complaint therefore denies same.

26. In as much as the allegations contained in Paragraph Twenty-Six state conclusions of South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

27. This Defendant denies the allegations contained in Paragraph Twenty-Seven of the Plaintiffs Complaint as stated. Further, this Defendant would show that South Carolina law, as passed by the South Carolina legislature speaks for itself.

28. This Defendant denies the allegations contained in Paragraph Twenty-Eight of the Plaintiffs Complaint as stated. Further, this Defendant would show that South Carolina law, as passed by the South Carolina legislature speaks for itself.

29. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Twenty-Nine of the Plaintiff's Complaint therefore denies same.

30. This Defendant admits the allegations contained in Paragraph Thirty of the

Plaintiff's Complaint.

31. This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-One of the Plaintiff's Complaint therefore denies same.

32. In as much as the allegations contained in Paragraph Thirty-Two of the Plaintiff's Complaint attempt to restate the subject letter, this Defendant neither admits nor denies same but demands strict proof thereof. Further, said letter speaks for itself.

33. In as much as the allegations contained in Paragraph Thirty-Three of the Plaintiff's Complaint attempt to restate the subject letter, this Defendant neither admits nor denies same but demands strict proof thereof. Further, said letter speaks for itself.

34. This Defendant admits the allegations contained in Paragraph Thirty-Four of the Plaintiff's Complaint.

35. This Defendant admits the allegations contained in Paragraph Thirty-Five of the Plaintiff's Complaint.

36. This Defendant admits the allegations contained in Paragraph Thirty-Six of the Plaintiff's Complaint.

37. This Defendant denies the allegations contained in Paragraph Thirty-Seven of the Plaintiff's Complaint.

38. This Defendant denies the allegations contained in Paragraph Thirty-Eight of the Plaintiff's Complaint.

39. This Defendant denies the allegations contained in Paragraph Thirty-Nine of the Plaintiff's Complaint.

40. This Defendant denies the allegations contained in Paragraph Forty of the

Plaintiff's Complaint.

41. This Defendant denies the allegations contained in Paragraph Forty-One of the Plaintiff's Complaint.

42. In as much as the allegations contained in Paragraph Forty-Two of the Plaintiff's Complaint attempt to state conclusions and/or duties under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

43. In as much as the allegations contained in Paragraph Forty-Three of the Plaintiff's Complaint attempt to state conclusions and/or duties under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

44. In as much as the allegations contained in Paragraph Forty-Four of the Plaintiff's Complaint attempt to state conclusions and/or duties under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

45. This Defendant denies the allegations contained in Paragraph Forty-Five of the Plaintiff's Complaint.

46. In as much as the allegations contained in Paragraph Forty-Six of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

47. In as much as the allegations contained in Paragraph Forty-Seven of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

48. This Defendant denies the allegations contained in Paragraph Forty-Eight of the Plaintiff's Complaint.

49. This Defendant realleges and reiterates each and every allegation set forth above,

and not inconsistent herewith, as if fully repeated herein.

50. In as much as the allegations contained in Paragraph Fifty of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

51. In as much as the allegations contained in Paragraph Fifty-One of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

52. This Defendant denies the allegations contained in Paragraph Fifty-Two of the Plaintiff's Complaint.

53. This Defendant realleges and reiterates each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

54. In as much as the allegations contained in Paragraph Fifty-Four of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

55. This Defendant denies the allegations contained in Paragraph Fifty-Five of the Plaintiff's Complaint.

56. This Defendant denies the allegations contained in Paragraph Fifty-Six of the Plaintiff's Complaint.

57. This Defendant denies the allegations contained in Paragraph Fifty-Seven of the Plaintiff's Complaint.

58. This Defendant realleges and reiterates each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

59. In as much as the allegations contained in Paragraph Fifty-Nine of the Plaintiff's

Complaint attempt to state conclusions of law, this Defendant neither admits nor denies same but demands strict proof thereof.

60. In as much as the allegations contained in Paragraph Sixty of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

61. This Defendant denies the allegations contained in Paragraph Sixty-One of the Plaintiff's Complaint.

62. This Defendant realleges and reiterates each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

63. In as much as the allegations contained in Paragraph Sixty-Three of the Plaintiff's Complaint attempt to state conclusions under South Carolina law, this Defendant neither admits nor denies same but demands strict proof thereof.

64. This Defendant denies the allegations contained in Paragraph Sixty-Four of the Plaintiff's Complaint.

65. This Defendant denies the allegations contained in Paragraph Sixty-Five of the Plaintiff's Complaint.

66. This Defendant denies the allegations contained in Paragraph Sixty-Six of the Plaintiff's Complaint.

67. This Defendant realleges and reiterates each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

68. This Defendant denies the allegations contained in Paragraph Sixty-Eight of the Plaintiff's Complaint.

69. This Defendant denies the allegations contained in Paragraph Sixty-Nine of the

Plaintiff's Complaint.

70. This Defendant denies the allegations contained in Paragraph Seventy of the Plaintiff's Complaint.

71. This Defendant denies the allegations contained in Paragraph Seventy-One of the Plaintiff's Complaint.

## FOR A SECOND DEFENSE

72. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

73. This Defendant asserts that the Court lacks subject matter jurisdiction of the Plaintiff's claims therefore the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

74. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

75. This Defendant has not been properly served under South Carolina law and therefore, this Defendant asserts all rights pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, and requests that the Plaintiff's Complaint be dismissed.

## FOR A FOURTH DEFENSE

76. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

77. This Defendant alleges that the Complaint of the Plaintiff fails to state facts sufficient to constitute a cause of action against her and, therefore the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A FIFTH DEFENSE

78. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

79. This Defendant asserts all immunities under the 11th Amendment of the United States Constitution; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SIXTH DEFENSE

80. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

81. This Defendant hereby asserts that she is entitled to qualified immunity under <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), and therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SEVENTH DEFENSE

82. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

83. This Defendant is not a "person" for purposes of liability under 42 U.S.C. § 1983, and therefore the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE

84. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

85. This Defendant alleges the Plaintiff has failed to exhaust administrative remedies and therefore the Plaintiff's Complaint should be dismissed.

## FOR A NINTH DEFENSE

86. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

87. This Defendant hereby asserts all defenses under <u>Preiser v. Rodriguez</u> and <u>Heck v. Humphrey</u>.

## FOR A TENTH DEFENSE

88. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

89. This Defendant would show that in regard to the allegations of wrong doing in their official capacity, such actions were taken in good faith, without intent to harm, and in compliance with existing South Carolina law and the South Carolina State Constitution, which good faith is a bar to one or more of the Plaintiff's causes of action against this Defendant. Therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN ELEVENTH DEFENSE

90. Defendant adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

91. This action should be dismissed for failure to add an indispensable party pursuant to Rule 19 of the <u>Federal Rules of Civil Procedure</u>.

WHEREFORE, this Defendant, above-named, having answered the Complaint of the Plaintiff herein, respectfully requests the Court to dismiss the Plaintiff's Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*s/Charles F. Turner, Jr.*
Charles F. Turner, Jr. (Fed. I.D. 05849)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC  29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
**ATTORNEY FOR DEFENDANT JENNY WOOTEN**

Greenville, South Carolina
December 1, 2025