IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
Case Number: 6:25-cv-12878-JDA

| | |
|---|---|
| James Reel,<br><br>Plaintiff,<br><br>vs.<br><br><br>Jenny Wooten, in her official capacity as Interim Executive Director of the South Carolina State Election Commission, Conway Belangia, in his official capacity as Director of Voter Registration and Elections in Greenville, County, and Greenville County Voter Registration and Election Board,<br><br>Defendants. | **JOINT DISCOVERY PLAN AND LOCAL RULE 26.03 DISCLOSURES** |

Pursuant to Rule 26(f), Local Civil Rule 26.03, and the Court's March 12, 2025 Scheduling Order, Defendants hereby make the following disclosures and certifications:

**DISCOVERY PLAN**

**(A)     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

None at this time.

**(B)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

1

The parties anticipate limited discovery, including the retention and deposition of expert witnesses, the deposition of the Plaintiff, and discovery relevant to the development of training materials and practices of poll workers.

**(C)     Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not foresee any issues regarding electronic discovery in this case.

**(D)     Issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

At this time, the parties are not aware of any issues about claims of privilege or the protection of trial-preparation materials.

**(E)     Changes that should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil Rules, and other limitations that should be imposed.**

At this time, the Parties do not see any need to impose limits on discovery.

**(F)     Other orders that should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c).**

The Parties herewith submit a proposed Consent Amended Scheduling Order.

### Conference and Scheduling Order

The Parties herewith submit a proposed Consent Amended Scheduling Order.

### Availability of United States Magistrate Judge

As required by the Conference and Scheduling Order, the parties conferred whether to consent to trial before a United States Magistrate. The parties do not consent to trial before a United States Magistrate at this time.

## Mediation Certification

Local Rule 16.05 requires mediation of this case. To that end, the parties hereby certify as required, that they have:

1. Discussed the availability of mediation and,

2. Discussed the advisability and timing of mediation.

The parties agree to conduct mediation in accordance with the Court's mediation requirements.

## Responses to Local Rule 26.03 Queries

### 1. A Short Statement of The Facts of The Case

This case centers upon the requirement of the South Carolina State Election Commission and Greenville County Voter Registration and Election Board that poll workers swear, "so help me god," in order to become eligible to become poll workers. Plaintiff brings suit for a violation of his rights under Article VI of the United States Constitution and under First Amendment of the United States Constitution.

### 2. The names of fact witnesses likely to be called by Plaintiff and Defendants and a brief Summary of their Expected Testimony.

*Witnesses for the Plaintiff:*

1. James Reel, *Plaintiff*: Testimony regarding his interactions with the Defendants relevant to his experience in attempting to become a poll worker and his claims regarding his rights pursuant to the United States Constitution.

2. Jenny Wooten: Testimony related to the requirements, training, and swearing of poll workers.

3. Conway Belangia: Testimony related to the requirements, training, and swearing of poll workers.

4.  Potential Expert Witness: Testimony related to historic intent and interpretation of the United States Constitution.

*Witnesses for Defendants*

1.  James Reel, *Plaintiff*: Testimony regarding his interactions with the Defendants relevant to his experience in attempting to become a poll worker and his claims regarding his rights pursuant to the United States Constitution.

2.  Jenny Wooten: Testimony related to the requirements, training, and swearing of poll workers.

3.  Conway Belangia: Testimony related to the requirements, training, and swearing of poll workers.

4.  Potential Expert Witness: Testimony related to historic intent and interpretation of the United States Constitution.

**3.    Expert Witnesses**

The Parties have not yet identified expert witnesses but have agreed to comply with the expert disclosure deadlines set forth in the proposed Consent Amended Scheduling Order.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**Plaintiff's Claims**

A.    Declaratory Relief: Violation of the Free Speech Clause of the First Amendment;

B.    Declaratory Relief: Violation of the Establishment Clause of the First Amendment;

C.    Declaratory Relief: Violation of the Free Exercise Clause of the First Amendment;

D.    Declaratory Relief: Violation of the Article VI of the Constitution

*(This Space Intentionally Left Blank)*

**Defendants' Defenses**

A. The Defendants allege that Plaintiffs' Complaint fails to state a claim and, therefore, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

B. The Defendants assert that this Court lacks subject matter jurisdiction.

C. The Defendants assert that Plaintiff has failed to add an indispensable party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

D. The defendants assert that they acted consistent with and in reliance on S.C. Code Ann. § 7-13-72 and the guidance provided by the South Carolina Election Commission.

E. The Defendants assert qualified immunity as an affirmative defense to Plaintiff's Complaint. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

F. The Defendants would show that in regard to the allegations of wrongdoing in their official capacities, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of Plaintiff's causes of action against the Defendants.

G. The Defendants assert that Plaintiff's rights were not violated as a result of any such policy.

H. The Defendants assert the Eleventh Amendment to the United States Constitution as an affirmative defense to Plaintiff's Complaint.

I. The Defendants assert sovereign immunity as an affirmative defense to Plaintiff's Complaint.

  J.  The Defendants assert absolute immunity as an affirmative defense to Plaintiff's Complaint; therefore, the Plaintiff's Complaint should be dismissed.

  K.  The Defendants assert all rights, defenses, and limitations under the principles of reasonable suspicion and investigative detention under *Preiser v. Rodruguez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994).

  L.  The Defendants assert that their actions were privileged or conditionally privileged.

  M.  The Defendants assert that Plaintiff has failed to exhaust his administrative remedies.

**5. Dates for deadlines to exchange Fed. R. Civ. P. 26(a)(2) expert disclosures and for completion of discovery.**

  The Parties herewith submit a proposed Consent Amended Scheduling Order.

**6. Special circumstances that would affect the time frames applied in preparing the scheduling order.**

  There are no special circumstances affecting the time frames in preparing the scheduling order.

*(Signature Page to Follow)*

Respectfully submitted,

s/ Steven Edward Buckingham
Steven Edward Buckingham, Esq. (D.S.C. No. 10118)
The Law Office of Steven Edward Buckingham, LLC
114 Poinsett Highway / Suite D
Greenville, SC 29609
(o) 864.735.0832
(e) seb@buckingham.legal

Samuel T. Grover*
Kyle J. Steinberg*
Freedom From Religion Foundation, Inc.
10 N. Henry St.
Madison, WI 53703
608-256-8900
sam@ffrf.org
steinbergk@ffrf.org
* Pro Hae Vice Application Forthcoming

*Attorneys for Plaintiff*

s/Charles F. Turner, Jr.
  Charles F. Turner, Jr. (Fed. I.D. 05849)
 WILLSON JONES CARTER & BAXLEY, P.A.
 325 Rocky Slope Road, Suite 201
 Greenville, SC  29607
 Telephone: (864) 672-3711
 Facsimile: (864) 373-7055
 Email: cfturner@wjcblaw.com

*Attorney for Defendant Jenny Wooten*

s/ Sarah P. Spruill
Sarah P. Spruill, Fed ID 8054
HAYNSWORTH SINKLER BOYD, P.A.
ONE North Main, 2nd Floor (29601)
P.O. Box 2048
\    Greenville, SC 29602
(864) 240-3200
(864) 240-3300 (facsimile)
sspruill@hsblawfirm.com

*Attorneys for Defendants Conway Belangia and the Greenville County Board of Voter Registration and Elections*

Greenville, South Carolina
December 29, 2025